VOORHEES, Respondent, v. HUDSON RIVER TELEPHONE CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 15, 1905.) Dissenting opinion. For majority opinion see 95 N. Y. Supp. 703, 109 App. Div. 468.

CHESTER, J. (dissenting). There was sufficient evidence of the defendant's negligence to justify the submission of that question to the jury. Its manager knew that the old pole had fallen and had been reset. It was not sufficient under such circumstances to tell the deceased that the pole was an old one and to be careful and not take any chances. The mere fact that the deceased was sent to replace the wires from one pole to the other would be sufficient notice to him that one was an old pole, without the manager telling him that fact; but the manager knew that the pole had rotted off and had fallen and had been reset. He should have stated those facts to the deceased, so as to put him on his guard and to excite greater care on his part. There is no proof that the deceased had any knowledge that the pole had fallen and had been reset. The defendant's manager having this knowledge, and the deceased not having it, common prudence required that the latter should have been informed of it. There was, therefore, enough on this branch of the case to justify the submission of the question to the jury. I think, too, that enough was shown by the plaintiff to satisfy the rule of law requiring him to establish affirmatively by a preponderance of evidence that the decedent was free from any fault which contributed to the accident. In cases where, as here, there was no eyewitness to the accident, the rule in this respect has been somewhat relaxed. It has been permitted in such cases to

show the absence of contributory negligence by circumstantial evidence. While the evidence is somewhat meager, I think there is sufficient in the circumstances to show such absence. Besides this, there was direct evidence that the deceased was a careful man; that he climbed the new pole, instead of the old pole, to prosecute his work; and that he took the precaution to tie the old pole to the new one. It is manifest, however, because of the length of the arms, that he could not have removed the wire from the arms of the old pole without getting upon that pole. When he was found injured, he was lying on the ground under one of the arms of the old pole, which had fallen. His getting on the old pole is not evidence of contributory negligence; for there was no visible danger, as the place where the pole was broken was concealed beneath the ground, and the pole at the ground appeared to be sound. This case is one brought under the employers' liability act (Laws 1902, p. 1748, c. 600). It is provided in section 3 of that act as follows: "An employee by entering upon or continuing in the service of the employer shall be presumed to have assented to the necessary risks of the occupation or employment and no others. The necessary risks of the occupation or employment shall * * * be considered as including those risks, and those only, inherent in the nature of the business which remain after the employer has exercised due care in providing for the safety of his employees." The jury having found the defendant negligent in not providing for the safety of the decedent upon sufficient evidence, the falling of the pole was not, under the statute, one of the necessary risks assumed by him. The defendant's manager knew of the defect in the pole, and due care for the safety of the employé should have prompted the manager to have told the decedent of the defect in the pole before setting him to work thereon. The same section provides that "the question whether the employee understood and assumed the risk of such injury or was guilty of contributory negligence by his continuance in the same place and course of employment with knowledgment of the risk of injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence." That being the law where the employé has knowledge of the risk, it could not be properly claimed that it was any the less a question of fact where, as here, he had no such knowledge. The defect in the pole not having been an obvious one, and the risk not a necessary one under the statute, the question of the negligence of the deceased was, under the circumstances shown here, properly left to the jury, and I think there was sufficient evidence to support the verdict. The principles involved in the case are very much like those discussed in Irish v. Union Bag & Paper Co., 103 App. Div. 45, 92 N. Y. Supp. 695; affirmed 183 N. Y. ——, 76 N. E. ——. If, as I think, the verdict here is not against the weight of evidence, the conclusion reached in that case is an authority for sustaining the judgment appealed from, and it should be affirmed, with costs.

END OF CASES IN VOL. 95.